UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
-------------------------------------------------------------------X
YOYA'S MARKET

              -and-

ALMA VILLEZCAS, as manager         **COMPLAINT**

              Plaintiffs,

   -against-

UNITED STATES OF AMERICA

              Defendant
-------------------------------------------------------------------X

1

Plaintiffs Yoya's Market (the "Store"), and Alma Villezcas, (the "Individual Plaintiff", and collectively, the "Plaintiffs") through their attorneys, SPODEK LAW GROUP, P.C., respectfully allege as follows, upon information and belief:

## NATURE OF THE CLAIM

1. This is an action seeking an administrative stay pursuant to 7 C.F.R. § 279.10(d) and judicial review of an order (the "Order") from the Supplemental Nutrition Assistance Program ("SNAP") imposed by the Food and Nutrition Services ("FNS") permanently disqualifying Plaintiffs from participating in the food stamp program for based on alleged violations of regulations prohibiting trafficking of SNAP benefits, and pursuant to 7 U.S.C. § 2023(a)(13), asserting claims for a trial de novo of a final agency decision by the United States Department of Agriculture.

2. Jurisdiction of this Court is invoked pursuant to 7 U.S.C. §§ 2011, et seq. and, more specifically, 7 U.S.C. § 2023(13).

3. The Store, which is the subject of the Order of the United States Department of Agriculture, is in the County of Luna, State of New Mexico, which is within the jurisdiction of the United States District Court for the District of New Mexico.

4. This Court is empowered to review the Order pursuant to 7 U.S.C. § 2023.

## THE PARTIES

5. Plaintiff Yoya's Market is a produce market with a principal place of business in the State of New Mexico, County of Luna.

6. Individual Plaintiff Alma Villezcas is an individual who resides within the State of New Mexico and is manager of the Store.

7.  Defendant United States of America (the "Defendant") is formed, maintains and controls the United States Department of Agriculture ("USDA" or the "Department"), of which the Food and Nutrition Service is a subsidiary. The Food and Nutrition Service (FNS) of the United States Department of Agriculture administers the Supplemental Nutrition Assistance Program (SNAP) program by, in part, issuing Electronic Benefits Transfer (EBT) cards to eligible users who purchase eligible food items from retailers that the FNS authorizes as qualified SNAP participants. The retailer is reimbursed for each eligible EBT purchase.

## BACKGROUND
## FACTS

8.  The Store was founded on or about on or about January 2012.

9.  The Store is open 5 a.m. to 12 midnight, seven (7) days per week.

10. Eleven (11) employees work for the Store.

11. At all relevant times, the Store was an authorized participant in the Supplemental Nutrition and Assistance Program, administered by the USDA's Food and Nutrition Services.

12. On or about April 9, 2019, the Department levied charges against the Store relating to the alleged trafficking of SNAP benefits as demonstrated through allegedly irregular SNAP transaction data. *See*, Final Agency Decision, dated August 21, 2019 as **Exhibit A**.

13. On or about April 11, 2019 ("April 2019 Response") Plaintiffs responded to USDA's Initial Charge Letter, seeking leniency and explaining that Plaintiffs did not intend to commit any of the alleged violations of SNAP, and furthermore, Plaintiffs had in place policies and procedures to ensure that SNAP guidelines were followed, and thus were deserving and eligible for a Civil Monetary Penalty (CMP). Plaintiff further stated that it would implement

additional measures to ensure full compliance with all Department regulations moving forward.

14. As asserted in Plaintiffs' September Responses, Plaintiffs did not commit the above violation, and the rogue employee responsible for the alleged violations was terminated. Furthermore, in its April 2019 Response, Plaintiffs formally requested the issuance of a civil monetary penalty in lieu of the disqualification.

15. By letter dated May 21, 2019 USDA rendered its decision, permanently disqualifying the Store from participation in SNAP, and denied Plaintiffs' request for a civil monetary penalty. See, **Exhibit A**.

16. On or about May 29, 2019 Plaintiffs requested administrative review of the Initial Decision.

17. On or about August 12, 2019 Plaintiffs again responded to the USDA via written submission. In said submission, Plaintiffs' reasserted its satisfaction of the criteria necessary to obtain a civil monetary penalty. See, Plaintiffs' Administrative Review Submission, annexed hereto as **Exhibit B.**

18. Notwithstanding Plaintiffs' appeal of this decision, On August 21, 2019 USDA issued a final decision upholding the permanent disqualification from FNS. Plaintiffs received the Order on August 29, 2019.  See, **Exhibit A.**

19. A large portion of Plaintiffs' business involves SNAP.

20. A permanent suspension would likely put the Store out of business, causing the Individual Plaintiff and the Store, and its employees to lose their jobs and be unable to support their families.

21. Pursuant to 7 C.F.R. § 278.6(d), FNS in determining the appropriate penalty must

consider (1) The nature and scope of the violations committed by personnel of the firm, (2) Any prior action taken by FNS to warn the firm about the possibility that violations are occurring, and (3) Any other evidence that shows the firm's intent to violate the regulations.

22. Plaintiffs has never been warned and never before been sanctioned for violation of SNAP laws or regulations. Plaintiff has never been denied SNAP payments or reimbursement based on any SNAP program violation.

23. Plaintiffs are not aware, nor has he ever been notified or warned, of any irregularities in their compliance with SNAP laws or regulations that might warrant his store being targeted for a surreptitious investigation of his compliance.

24. At no time between the Store's inception and the date of the disqualification decision did the FNS Regional Office consider issuing a warning letter as required by 7 C.F.R. § 278.6(d)(2).

25. The Final Agency Decision did not find that the Regional Office complied with 7 C.F.R. § 278.6(d)(2) by considering prior efforts to warn plaintiff.

26. Plaintiffs had trained each of their employees not to permit any customer to improperly/unlawfully attempt to traffic SNAP benefits.

27. Each of the investigator's alleged EBT purchases occurred despite plaintiff's explicit instructions prohibiting any unlawful acts by Plaintiffs' employees.

28. Plaintiff immediately terminated the employee upon being informed of the alleged EBT violations.

29. The FNS made no specific findings as to carelessness or lack of supervision by Plaintiffs, nor did it make a finding with respect to other evidence demonstrating intent by the

Store to violate SNAP regulations.

30. The FNS did not find that the Plaintiffs personally participated in any alleged unlawful SNAP transactions.

31. The closure of the Store would also likely harm the community because it is an integral part of the community shopping environment.

32. Plaintiffs have exhausted its administrative remedies, are entitled to a judicial trial de novo of the administrative action, and seeks reversal of the finding of a SNAP violation and the disqualification of the Store from SNAP participation

## STATEMENT OF CLAIMS

### AS AND FOR A FIRST COUNT
(For an Administrative Stay)

33. Plaintiffs repeat, reiterate and reallege each and every allegation made in the foregoing paragraphs, as if fully set forth at length herein.

34. In order to obtain a stay of enforcement in this type of matter, Plaintiffs must demonstrate (i) irreparable harm and (ii) a likelihood of success on the merits.

35. Plaintiffs will suffer irreparable harm if forced to serve a permanent disqualification.

36. As detailed above, a significant portion of the Store's business is derived from the SNAP program.

37. As such, permanent disqualification is likely to put the Store out of business, thus causing irreparable harm not only to the Store and Individual Plaintiff, but also to the employees and customers as well.

38. As such, Plaintiffs will suffer irreparable harm.

39. Plaintiffs are also likely to succeed on the merits.

40. In this type of case, Plaintiffs are entitled to due process. The legal question is whether or not an employer may be deprived of a valuable property right (in this case his business). Additionally, if a plaintiff disputes the USDA's finding that it violated program regulations, the Food Stamp Act provides that a district court review the matter *de novo* to "determine the validity of the questioned administrative action." *Yafaie v. United States*, 1995 U.S. Dist. LEXIS 10022, 1995 WL 422169, at *1 (S.D.N.Y. 1995); *Altawel v. United States Dep't of Agric. Food & Nutrition Serv.*, No. 12-CV-6708, 2014 U.S. Dist. LEXIS 174933, at *7 (W.D.N.Y. Dec. 18, 2014)

41. When a plaintiff is going to be deprived of a significant portion of revenues, these revenues are considered a valuable property right. *Kim v. United States*, 822 F. Supp. 107, 109 (E.D.N.Y. 1993).

42. FNS violated its own regulations, 7 C.F.R. § 278.6(d)(2)-(3), which imposes a mandatory requirement that the FNS Regional Office making a disqualification or penalty determination consider prior action taken by FNS to warn the retailer about the possibility violations are occurring, as well as taking into account any other action by the Store demonstrating intent to violate SNAP regulations. The FNS never considered this prior action, and in fact never warned plaintiff. These violations preclude FNS from imposing any penalty, including disqualification. Further, FNS never took into consideration any evidence on the part of the Store evincing a propensity or lack thereof with respect to violating SNAP regulations.

43. The finding by the FNS at the administrative review level illegally attempts to

avoid a clear violation of section 278.6(d)(2)-(3) by completely failing to take into account any warning requirement and attempts to white-wash misconduct by both the investigator and the FNS Regional Office, as well as any evidence demonstrating an intent to violate SNAP regulations.

44. As such, since Plaintiffs will suffer irreparable harm and are likely to succeed on the merits, an administrative stay of the permanent disqualification is warranted.

## AS AND FOR A SECOND COUNT
### (For Judicial Review of the Order and Trial *de novo*)

45. Plaintiffs repeat, reiterate and reallege each and every allegation made in the foregoing paragraphs, as if fully set forth at length herein.

46. Under the laws governing the Act, a plaintiff is usually entitled to a trial *de novo* by a court to "determine the validity of the questioned administrative action" as well as a trial *de novo* of whether the FNS followed the Act and regulations in finding a violation resulting from carelessness or poor supervision, whether the Department considered any prior warnings to the Store, and whether FNS decision to impose said penalty was arbitrary and capricious. *See*, 7 U.S.C. § 2023.

47. FNS violated its own regulations, 7 C.F.R. § 278.6(d)(2)-(3), which imposes a mandatory requirement that the FNS Regional Office making a disqualification or penalty determination consider prior action taken by FNS to warn the retailer about the possibility violations are occurring. The FNS never considered this prior action.

48. Pursuant to 7 C.F.R. §§ 2023(13) and 2023(15), Plaintiff is entitled to a trial *de novo* on whether he violated a provision of the Act or a regulation under the Act, including trial

*de novo* of whether the FNS followed the Act and regulations in finding the violation occurred as alleged.

49. Plaintiffs have been aggrieved by the determination of the USDA and aver that the agency's findings are unsupported by reliable probative evidence and are otherwise the product of unlawful agency action.

50. As such, the Order should be extinguished.

51. Even if a trial *de novo* is not awarded, the penalty imposed was arbitrary and capricious.

52. The Regulatory Flexibility Act, 5 U.S.C. § 601-612, requires agencies to analyze the impact of rulemaking on small entities, such as the Store, and consider alternatives that would minimize any significant impacts on a substantial number of small entities.

53. Here, the guidelines purportedly followed by SNAP allow a civil monetary penalty in lieu of a disqualification.

54. Further, the applicable regulation allows for a monetary penalty in lieu of disqualification where suspending a vendor from SNAP would present a hardship for the community. *See,* 7 C.F.R. § 278.6(f)(1). As detailed above, the disqualification of Plaintiffs would cause such a hardship.

55. In the instant case, Plaintiffs have clearly demonstrated their entitlement to a civil monetary penalty in lieu of disqualification. As the administrative record reflects, Individual Plaintiff has submitted evidence, including photographs and statements from the owner which satisfy the criteria necessary to qualify for a civil monetary penalty.

56. As such, the decision to not issue a civil monetary penalty in lieu of disqualification was arbitrary and capricious

57. Plaintiff respectfully requests that the court vacate the Final Agency Decision and immediately reinstate the Plaintiff as a SNAP participant, because:

- The FNS violated its own regulations and thus cannot impose any sanction;
- FNS has acted arbitrarily and capriciously and violated its own regulations in imposing a penalty of permanent disqualification;
- The permanent disqualification will cause hardship to SNAP recipients in the area surrounding the plaintiffs' store.

58. Alternatively, the Court should either: find no sanction appropriate, but direct issuance of a written warning; or reduce the disqualification to a reasonable civil money penalty.

59. No prior relief has been requested.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A. A stay of the disqualification ordered by USDA; and

B. *De novo* review of the Order and the subsequent extinguishment thereof; or

C. Extinguishment of the Order as FNS has acted arbitrarily and capriciously and violated its own regulations in imposing a penalty of permanent disqualification without properly considering all statutory factors; and

D. Order Defendants to make whole Plaintiffs who lost revenues by not being able to collect monies through the SNAP program; and

E. Grant such further relief as this Court deems necessary and proper in the public interest; and

F.  Order Defendants to reimburse Plaintiffs for all costs and fees associated with the commencement and prosecution of this lawsuit.

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all questions of fact raised by their complaint.

Dated:   Deming, New Mexico
September 27, 2019

SPODEK LAW GROUP, P.C.

BY: Jeffrey Smith
*Attorney for Plaintiffs*
500 East Spruce St
Deming, NM 88030
(575) 694-2325