IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YOYA'S MARKET and
ALMA VILLEZCAS,

    Plaintiffs,

v.                                                No. 19-cv-0910 CG/SMV

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER

THIS MATTER is before the Court on Plaintiffs' Notice of Motion to amend the Scheduling Order [Doc. 41], filed on August 4, 2021, and Memorandum of Law, Points and Authorities [Doc. 42], filed on August 5, 2021 (collectively, "Motion to Amend the Scheduling Order"). Defendant responded on August 12, 2021. [Doc. 44]. Plaintiffs filed no reply, and the time for doing so has passed. Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is not well-taken and shall be **DENIED**.

### BACKGROUND

Plaintiffs operate a produce market in Deming, New Mexico. *See* [Doc. 12-2] at 1, 32. Between 2012 and 2019, they participated in the Supplemental Nutrition and Assistance Program ("SNAP") administered by the USDA. *See id.* at 22, 20. In May of 2019, the USDA permanently disqualified Plaintiffs from participation in SNAP. *See* [Doc. 13] at 1; [Doc. 12-4] at 66–68, 102–03. Plaintiffs appealed the decision. [Doc. 12-5] at 9–27. The USDA denied that appeal on

August 21, 2019. *See id.* at 28–36. Plaintiffs filed this action seeking reversal of the USDA's decision disqualifying them from participating in SNAP. *See* [Doc. 1].

The parties met and conferred on March 24, 2020, to discuss a Joint Status Report and Provisional Discovery Plan ("JSR"). [Doc. 13] at 1. It is worth noting that Defendant took the position that this action is an appeal of an agency action, and therefore no discovery should be allowed. *Id.* at 5–6. Plaintiffs disagreed, arguing that discovery was appropriate and necessary. *Id.* at 5. Judge Parker (the presiding judge at that time) ruled that this case is not in the nature of an administrative appeal, but rather a trial de novo. [Doc. 26] at 10. He ordered the parties to submit an amended JSR, after which the Court would hold a scheduling conference and enter a scheduling order allowing discovery. *Id.* at 12.

The parties met and conferred a second time on January 21, 2021. [Doc. 30] at 1. They asked Judge Garza (the referral judge at the time) to allow interrogatories, requests for production, requests for admissions, and depositions. *Id.* at 5. They also requested a discovery deadline of August 30, 2021. *Id.* at 6.

Judge Garza held a scheduling conference and entered a Scheduling Order on February 17, 2021, giving the parties 180 days, or until August 16, 2021, to conduct discovery. [Doc. 32] at 1. For written discovery requests to be timely, the party serving the requests must have delivered them 30 days before the termination of discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2). Thus, the parties' deadline to deliver written discovery requests was July 17, 2021.

Defendant delivered written discovery requests to Plaintiffs on June 21, 2021, making Plaintiffs' responses due on July 26, 2021. [Doc. 44-1] at 2–3. Plaintiffs served no written discovery requests on or before the deadline of July 17, 2021. *See* [Doc. 42] at 4; [Doc. 44] at 1.

On July 27, 2021, Defense counsel emailed Plaintiffs' counsel (Mr. Feigenbaum) to inquire about when Plaintiffs planned to respond to the written discovery. [Doc. 44-1] at 2. Mr. Feigenbaum responded by requesting an additional 7–10 days and added that he would have his written discovery requests delivered to Defendant by the end of that week, well after the July 17 deadline to deliver them. *Id.* at 1. In requesting more time from Defendant, Mr. Feigenbaum explained that another case had "destroyed [his] life for the last couple weeks." *Id.* Defendant gave Plaintiffs more time to respond to the written discovery and suggested that counsel discuss an extension with Judge Garza at the upcoming status conference, if Plaintiffs planned to request an extension of the discovery deadline. *Id.*

Judge Garza held a status conference on July 29, 2021, to check on the status of discovery. [Doc. 39] (clerk's minutes). She directed counsel to "file a motion if an extension is needed," demonstrating "good cause and due diligence." *Id.* After the conference, counsel conferred and attempted "to negotiate a more limited set of documents that Defendant could produce" before the August 16 deadline. [Doc. 44] at 3. Ultimately, the parties were unable to reach an agreement to extend discovery.[1] *Id.*; [Doc. 42] at 4–5. On August 4, 2021, Plaintiffs filed an opposed Motion to Amend the Scheduling Order, arguing there was good cause to extend the discovery period. *See* [Docs. 41, 42].

## LEGAL STANDARD

A party seeking to modify a scheduling order must, under Rule 16 of the Federal Rules of Civil Procedure, make a showing of good cause. Fed. R. Civ. P. 16(b)(4) ("A schedule may be

---

[1] Mr. Feigenbaum reports that he and Defendant's local counsel reached an agreement to extend the deadline but that Agency Counsel with the USDA would not approve the agreement. [Doc. 42] at 4–5.

modified only for good cause and with the judge's consent."); *see also Gorsuch, Ltd., B.C.* v. *Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (explaining the Rule 16 good cause standard). For example, the good cause standard might be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240. Broadly speaking, the moving party must show that the "scheduling deadlines cannot be met despite the movant's diligent efforts." *Id.* (cleaned up).

The Tenth Circuit has identified six factors relevant to a district court's discretionary decision to reopen or extend discovery. These include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). *See also United States v. Hopkins*, No. 11-cv-0416 JB/SMV, 2013 WL 12333499, at *3 (D.N.M. Jan. 4, 2013) (applying the *Smith* factors to a motion to extend the discovery deadline).

## DISCUSSION

The Court finds that Plaintiffs have failed to establish good cause to amend the Scheduling Order because they have failed to show that, despite diligent efforts on their part, they could not have reasonably met the scheduled discovery deadline. Specifically, in reviewing the *Smith* factors, the Court makes the following findings.

The first factor weighs in favor of an extension because a trial is not yet scheduled. However, that is the only factor that weighs in favor of granting the Motion.

The second factor weighs against Plaintiffs because the Motion is opposed.

The third factor weighs against Plaintiffs because Defendant would be prejudiced to the extent that additional discovery, and any resultant motion practice, would be costly and could *potentially* delay the trial. I will address the fourth *Smith* factor—the moving party's diligence—at the end of this section.

The fifth factor—whether the requested discovery was foreseeable in light of the original discovery deadline—also weighs against Plaintiffs. Plaintiffs asked Judge Garza to allow discovery over Defendant's objections. [Doc. 13] at 5. They specifically asked Judge Garza to allow interrogatories and requests for production. [Doc. 30] at 5. Thus, there is no question that Plaintiffs anticipated the need for written discovery. The parties were given 180 days to complete discovery after the Rule 16 Scheduling Conference. But Plaintiffs were not required to wait until the Rule 16 Scheduling Conference to commence discovery. Plaintiffs could have served written discovery as early as January 21, 2021, the date of the second meet-and-confer session. *See* Fed. R. Civ. P. 26(d)(1); D.N.M.LR-Civ. 26.4(a). If the day of the second meet-and-confer session is considered the beginning of the discovery period, that would mean that Plaintiffs had 208 days to complete discovery. The Court notes that Defendant served its written discovery on June 21, 2021, well before the discovery termination deadline of August 16, 2021. *See* Certificate of Service, [Doc. 36]. Yet, Plaintiffs made no attempt to serve written discovery until the week of July 27, 2021, despite it being obviously foreseeable that at least some written discovery would be necessary to prosecute the case. *See* [Doc. 42] at 4; [Doc. 44] at 1; [Doc. 44-1] at 2.

The sixth factor weighs against extending discovery. Plaintiffs have made no effort to explain how allowing additional discovery would likely lead to relevant evidence.[2]

The fourth *Smith* factor weighs very heavily against Plaintiffs because they have failed to show that they diligently used the time previously allotted for discovery. *See Pulsecard, Inc. v. Discover Card Servs., Inc*., 168 F.R.D. 295, 301 (D. Kan. 1996) ("The good cause standard primarily considers the diligence of the [moving] party. The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines.") (cleaned up). As mentioned, Plaintiffs were given 180 days (in reality, 208 days), to conduct discovery. Nonetheless, they delayed 188 days to commence any discovery at all. Moreover, Plaintiffs do not explain what actions they took during those 188 days to show diligence. They do not describe any efforts at all on the part of their attorneys to make use of the discovery period prior to July 27, 2021. Thus, the Court disagrees with Mr. Feigenbaum's statement that he has "diligently attempted to meet this Court's deadlines as reflected in its Scheduling Order." [Doc. 42] at 6. Plaintiffs simply could have served written discovery earlier, instead of waiting until the discovery period had nearly expired.

It is important to keep in mind that the focus of the Court's analysis is on the moving parties' diligence. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Street v. Curry Bd. of Cnty. Comm'rs*, No. 06-cv-0776 JB/KBM, 2008 WL 2397671, at *6 (D.N.M. Jan. 30, 2008) (citation omitted). Plaintiffs' argument

---

[2] Defendant has not argued that the discovery is not likely to lead to relevant evidence. However, the burden of establishing good cause rests with Plaintiffs, the moving party. *See Gorsuch*, 771 F.3d at 1240 (explaining that the movant must show that deadlines could not have been met despite diligent efforts); *Pulsecard*, 168 F.R.D. at 301 ("The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines.") (citation omitted).

for *diligence* is nearly nonexistent. Mr. Feigenbaum asserts that he "has diligently attempted to meet this Court's deadlines as reflected in its Scheduling Order" but goes on to explain his mother's illness. *See id.* The Court is sympathetic to the fact that Mr. Feigenbaum's mother required his attention. However, the Court disagrees that this fact establishes diligence on Plaintiffs' part. An explanation of counsel's time spent on other matters simply does not establish diligence, especially where, as in this case, another experienced co-counsel represents the moving party. In sum, Plaintiffs have failed to show that despite diligent efforts on their part they could not have reasonably met the scheduled discovery deadline. Thus, they have failed to establish good cause to amend the Scheduling Order.

## CONCLUSION

Plaintiffs have not established good cause to amend the Scheduling Order, as required by the Federal Rules. *See* Fed. R. Civ. P. 16(b)(4). As such, Plaintiffs' Motion will be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Motion to Amend the Scheduling Order [Docs. 41, 42] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**